Peck, J.,
delivered the opinion of the Court.
It appears from Ms petition that David King, the claimant, was, on the 15th of June, A. D- 1854, appointed superintendent of certain works for the construction of a harbor at Little Sodus bay, in the State of New York, by Colonel Turnbull, of the engineers, for which service JLing was to receive three dollars per day. He continued in this employment until the 22d day of November following, having been paid for Ms services up to the 25th of September.
On the 22d of November, 1854, the appropriation for constructing the harbor having been exhausted, the work was suspended. From this last date it appears that King was appointed by Colonel Turnbull as custodian of the public property then at Little Sodus bay, to be paid $1 50 per day; to continue in service until the work should be resumed under an additional appropriation, which it was supposed by King, as well as by Colonel Turnbull, would be made by the then next session of Congress.
Mr. King also furnished two scows, to be used about this work, *39 which ho alleges were used 160 days, and that this use should be com- ' pensated at five dollars per day.
He also claims one hundred dollar's for the use and occupation by the government of about one acre of land, near these public works, upon which timber was framed and piled, as also other materials.
A claim is also set out based upon a litigation between the claimant and one O’Leary, in reference to timber taken by King for the use of the harbor, which he supposed to belong to the government, but which O’Leary claimed as his own.
All these items rest for proof upon oral testimony.
We think it clear that King should receive three dollars per day for his services between the 25th of September and the 22d of November, 1854; fifty-one days, making the sum of $153.
As to the claim for services as custodian after the 22d of November, 1854, we think it apparent that it was expected and understood by all parties that the work would be resumed in the following spring, when King’s services as custodian would not be any longer required, and that this would be the duration of his employment as custodian. If King had supposed this employment was to continue from year to year, he doirbtless would have procured such evidence of his appointment as would have secured him his compensation. We cannot suppose that either Colonel Turnbull or Mr. King had the least belief that this occupation was to continue for a series of years. It would seem, too, that Mr. King was derelict in duty in not applying for instructions; or fearful, if the government should have an intimation of his pretended occupation, that he would be at once undeceived, as he did not apply for compensation until the 21st of February, A. D. 1862, nearly eight years. Such indulgences to the government by its employes are so unusual, that when they do occur they not only excite surprise but suspicion also. The presumption that the government would pay an unknown agent for services that were of little or no value, continuing over eight years, is an unreasonable one, and indicates either a too generous confidence in the government, or too little confidence in the merits of the demand.
In accordance with what we believe was the understanding at the time the appointment was made, we shall allow Mr. King compensation as custodian until the 1st of June, 1855, at which period it was supposed that work on the harbor would be resumed, and a custodian, as such, would not any longer be needed.
This item will be for 160 days, $240.
*40 February 9, 1864.
Mr. J. M. McCalla for the claimant.
Mr. J. D. McPherson, Assistant Solicitor, for the government.
The proof establishes that two scows belonging to King were used in the business of the government about 137 days, and that their use was worth about five dollars per day; hence we allow for this service $685.
We shall also allow one hundred dollars for the use of the land, five dollars for removing the iron, and four dollars and fifty cents for the labor of piling stone, making for these items $109 50.
In regard to that part of the claim which arises out of the litigation with O’Leary, we shall allow the amount of the judgment and costs recovered before the justice of the peace, viz: $17' 33. The trespass was under the direction of, or rather the timber was taken under instructions from, Colonel Turnbull.
The appeal to the county court does not appear to have been authorized, and inasmuch as Colonel Turnbull was at or in the vicinity of Little Sodus bay long after the judgment was rendered by the justice, an appeal which was likely to involve the government in expenses greatly exceeding the amount in dispute should not have been taken without express authority. This duty was not within’ the scope of Mr. King’s employment, nor did it appropriately devolve upon him.
A judgment should be rendered for the aggregate sum of twelve hundred and four dollars and eighty-three cents, covering the above items.